UNITED STATES of America,
Plaintiff–Appellee,

v.

Larry Jarome ROGERS,
Defendant–Appellant.

No. 87–8625
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

June 27, 1988.

Steven H. Sadow, Maloy, Sadow & Jenkins, Atlanta, Ga., for defendant-appellant.

Craig A. Gillen, Asst. U.S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before TJOFLAT, HILL and EDMONDSON, Circuit Judges.

PER CURIAM:

In this direct criminal appeal, we are called on to decide whether a district court may, in its discretion, deny a motion to withdraw a guilty plea when the defendant has been sentenced initially after admitting factual guilt under oath even though a suggestion of factual innocence is made at a subsequent resentencing hearing. Because we answer that question in the affirmative, and because we reject Rog-

ers' other arguments, we affirm his conviction and sentence.

## I

Rogers pleaded guilty to engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848. In pertinent part, this crime is defined as a continuing series of felonies which are undertaken by one in concert with five or more persons to whom one occupies "a position of organizer, a supervisory position, or any other position of management." 21 U.S.C. § 848(d)(2)(A). At the guilty plea hearing, the prosecutor stated that the evidence would show that Rogers' actions were taken in concert with at least eight persons to whom Rogers occupied a managerial, organizational and supervisory position. Rogers, under oath, stated he agreed with what the prosecutor had said. The court accepted the plea.

The parties informed the court that although no plea agreement had been reached, negotiations were ongoing. Rogers was willing to cooperate with the government, and the "sticking point" concerned the property he would forfeit under a forfeiture count in the indictment. The prosecutor stated that a civil forfeiture suit had been filed as well. The court scheduled a sentencing hearing.

Prior to the sentencing hearing, the government filed a memorandum explaining that Rogers had failed to cooperate fully with the government. At the hearing, Rogers stated that the only obstacle to a plea agreement involved the property forfeiture issue as he did all he could do to cooperate. Rogers stated also that he had no factual challenges to the presentence investigation report. The court sentenced Rogers to 25 years and assessed him $50.

Rogers then moved for resentencing because he had not been given an opportunity to allocute before sentence was imposed. His motion sought resentencing "in accordance with the requirements of [Fed.R. Crim.P.] 32." The government agreed that resentencing was necessary. The court granted resentencing, stating at the resentencing hearing that it would allow Rogers "to say anything he wants to say."

Rogers' attorney began by relating to the court that Rogers had indicated to a probation officer during the presentence investigations that he did not supervise, manage or organize five or more persons as required by § 848 although he had committed other related crimes. On that basis, Rogers moved to withdraw his guilty plea, contending that a jury should resolve his factual guilt. The court denied the motion.

Rogers then tried to raise objections to factual representations in the presentence investigation report. The court interrupted him by stating the sole purpose of the hearing was to allow allocution. Rogers responded that although he objected, he understood the hearing dealt with the "question" of allocution only, and said his challenges to the presentence report went to matters that had occurred since the prior hearing. He then explained that the report mentioned an arrest in Atlanta that the district attorney had since decided not to prosecute. The court "admitted" his objection.

Rogers' counsel then stated that he did not think he had brought the full extent of Rogers' cooperation with the government to the court's attention at the first resentencing hearing, and sought to call the former prosecutor[1] and a DEA agent to testify to Rogers' cooperation. The government stated it wanted a waiver on the record of the rule that bars admission of statements made in the course of plea discussions. Rogers stated he would waive the rule for the sentencing hearing but not for any civil actions, presumably the upcoming civil forfeiture proceeding. The court sustained the government's objection to a partial waiver of the rule. Rogers' counsel did not call any witnesses but did emphasize that his client had cooperated fully. Counsel mentioned specific dates that Rogers met with the government, said that Rogers provided names of other individuals and the extent of his involvement with them, and stated that one of the individuals would not deal with Rogers unless

---

1. The case was being handled by a new prosecutor at this point.

Rogers was back on the streets. Counsel stressed that Rogers was still willing to cooperate.

Thereafter, in exercising his right of allocution, Rogers stated he was "not guilty of all the people they claimed worked for me." At the close of the hearing, the court again sentenced Rogers to 25 years in prison and assessed him $50.

## II

On appeal, Rogers argues the district court erred in denying his motion to withdraw his guilty plea, in restricting the scope of the resentencing hearing to allocution only such that he could not raise factual challenges to the presentence report, and in denying his offer to partially waive the rule barring admission of statements made during plea discussions.

### A. *Motion to Withdraw the Guilty Plea*

█ Rogers cites his statements that he did not manage, supervise, or organize five or more people as required under § 848, and maintains the factual issues should have been decided by a jury. The government responds that the court properly entered judgment as Rogers had admitted the essential elements of the crime at his guilty plea hearing and he moved to invalidate his plea after his initial sentencing to 25 years.

A district court, in its discretion, may grant a motion to withdraw a guilty plea prior to sentencing if the defendant shows a "fair or just reason." Fed.R.Crim.P. 32(d). The court may consider the totality of the circumstances of the case, including whether close assistance of counsel was available, whether the original plea was knowing and voluntary, and whether judicial resources would be conserved. *United States v. Gonzalez–Mercado*, 808 F.2d 796, 798–99 (11th Cir.1987).

Rogers cites *United States v. Gomez–Gomez*, 822 F.2d 1008 (11th Cir.1987), *cert. denied sub nom, Villalobos–Lorduiz v. United States*, 108 S.Ct. 755 (1988) in support of his position. In *Gomez–Gomez*, four of the five defendants pleaded guilty to one count of a two count indictment.

Their subsequent pre-sentence reports indicated that they had all denied factual guilt. At an evidentiary hearing to resolve the conflict between those reports and the guilty pleas, several defendants maintained their innocence. The court rejected all the guilty pleas and set the case for trial, where all the defendants were convicted of the two counts in the indictment.

On appeal, the defendants whose guilty pleas were refused argued that the court had abused its discretion in not accepting their pleas. This Court held that when a defendant casts doubts upon the validity of his guilty plea by protesting his innocence, the court may resolve such doubts against the plea. *Id.* at 1011. The court also noted, however, that a judge may enter judgment upon a guilty plea offered under the same circumstances. *Id. Gomez–Gomez* thus stands for the principle that a trial court does not abuse its discretion in refusing to enter judgment when factual guilt is disputed, not that it is obligated to reject the plea.

Turning to the facts in the instant case, we find the court did not abuse its discretion in refusing to withdraw the guilty plea for two reasons. First, Rogers admitted factual guilt under oath at his guilty plea hearing. As this Court has noted, when a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false. *See United States v. Hauring*, 790 F.2d 1570, 1571 (11th Cir.1986). Rogers' representation at the sentencing hearing that he had made exculpatory statements to his probation officer fell far short of that heavy burden.

Second, the timing of the motion to withdraw deserves some attention. Rogers pleaded guilty in March. His first sentencing hearing was in May and, presumably, he had by that time made the statements to his probation officer. Nevertheless, he did not move to withdraw his plea until the second sentencing hearing in August, after he had been sentenced to 25 years in prison.

In *United States v. Gonzalez–Mercado*, 808 F.2d 796 (11th Cir.1987), the defendant

moved unsuccessfully to withdraw his plea after several co-defendants had been sentenced to longer terms than had been anticipated. This Court affirmed the denial of that motion in part because guilty pleas should not be used to test the weight of the potential sentence. *Id.* at 801. That basis for denying a motion to withdraw a plea applies with greater force in Rogers' case, as, given the outcome of the first sentencing hearing, Rogers did not need to predict his sentence based on the court's treatment of a co-defendant. As in *Gonzalez–Mercado,* Rogers' motion was not a "swift change of heart," but instead fell on the heels of imposition of what he knew would probably be a 25 year sentence.

In sum, based on Rogers' statement of factual guilt under oath and the suspicious timing of his motion to withdraw his plea, we find the district court did not abuse its discretion in denying the motion.

### B. *Violation of Federal Rule of Criminal Procedure 32*

When a defendant, at sentencing, objects to factual inaccuracies in the presentence investigation report, the district court must either resolve the issue or find that the disputed matter will not be considered. Fed.R.Crim.P. 32(c)(3)(D); *United States v. Aleman,* 832 F.2d 142, 144 (11th Cir.1987). Rogers argues the court erred in not permitting him to raise such factual inaccuracies at the resentencing hearing. The government responded that the hearing was to permit allocution only. Rogers maintains his motion sought resentencing in general, the court's order scheduling resentencing did not limit the scope of the hearing, and the court did not announce the limitation until his factual challenges were raised.

At the first sentencing hearing, Rogers stated that he had no factual objections to the presentence report. At the second sentencing hearing, he was permitted to present a factual inaccuracy that had arisen since the first hearing was held, and the court did resolve that challenge. He has not indicated to the district court or

this Court that he had any other challenges.

Moreover, although the court did not expressly state prior to the hearing that it was limiting the hearing to allocution only, it made that point clear at the hearing itself. There was nothing improper about that limitation as it was in the interest of judicial economy for the court not to redo that which had been done correctly at the first hearing.

### C. *Waiver of Federal Rule of Criminal Procedure 11(e)(6)*

Statements made during the course of plea discussions are not admissible in any civil or criminal proceeding against the person who made the plea or offer. Fed.R. Crim.P. 11(e)(6); Fed.R.Evid. 410; *United States v. Rutkowski,* 814 F.2d 594, 598–99 (11th Cir.1987). The purpose of this rule is to promote free dialogue during plea negotiations. *United States v. Robertson,* 582 F.2d 1356, 1365 (5th Cir.1978) (*in banc*).

Rogers maintains the rule does not bar his use of the statements as he wanted to use them favorably and not "against" himself. Alternatively, he argues he should have been allowed to waive the rule for the sentencing hearing only. The government responds that (1) Rogers cannot waive the rule for certain purposes and not for others, (2) the statements were beyond the scope of the hearing, which was scheduled solely to allow allocution; and (3) the evidence was inadmissible with or without a waiver.

No authority has been found indicating that a defendant has the power to waive the Rule 11(e)(6) bar when the plea discussion statements would be favorable. Pretermitting that issue, we find no harm inured to Rogers as a result of the court's denial of his offer to waive. Because there was no plea agreement, Rogers wanted to present the evidence in mitigation at sentencing, and not to show a breached plea agreement. At both sentencing hearings, Rogers made the court well aware of why he disagreed with the government's contention that he had not cooperated. He went into enough detail of the plea discussions to

enable the court to consider his position at sentencing. We decline to vacate his sentence on this ground.

### III

For the foregoing reasons, we AFFIRM Rogers' conviction and sentence for violating 21 U.S.C. § 848.[2]

---

**2.** Because we affirm, we do not reach Rogers' argument that his case should be reassigned to a different district judge upon remand.