[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 24, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-11423
Non-Argument Calendar

_____

D.C. Docket No. 06-60123-CR-UUB

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

RICHARD PIERRE CAMBRONNE,

Defendant–Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(January 24, 2008)**

Before BIRCH, DUBINA, and BARKETT, Circuit Judges.

PER CURIAM:

Richard Pierre Cambronne appeals his conviction and sixty-month sentence

for possession of more than five grams of crack cocaine, in violation of 21 U.S.C. § 844(a). At his sentencing hearing, Cambronne moved to withdraw his guilty plea alleging that new evidence had surfaced, which related to the veracity of the police officers who testified at his suppression hearing. Cambronne also sought to qualify for a reduction in his sentence, pursuant to the safety-valve provision of the Guidelines, asserting that he was not aware that a gun was in his car at the time of his arrest. U.S.S.G. § 5C1.2. The district court denied both requests, and Cambronne now appeals both denials.

As an initial matter, we find no merit to the government's suggestion that Cambronne did not properly move the district court to withdraw his guilty plea and to apply a safety-valve adjusment. The transcript of the sentencing hearing reflects that he requested such relief, that the district court understood him to request such relief, and that the district court denied both requests.

We review the denial of Cambronne's motion to withdraw his guilty plea for an abuse of discretion. United States v. Freixas, 332 F.3d 1314, 1316 (11th Cir. 2003). "The district court may be reversed only if its decision is arbitrary or unreasonable." United States v. Buckles, 843 F.2d 469, 471 (11th Cir. 1988). "A defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for

requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). The "fair and just reason" standard should be liberally construed, but there is no absolute right to withdraw a guilty plea before sentencing. Buckles, 843 F.2d at 471. To determine whether a defendant has shown a "fair and just reason," a district court may consider the totality of the circumstances surrounding the plea, including the following factors: "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." Id. at 471–72. Among other factors that we have considered are the defendant's admission of factual guilt under oath at a plea hearing and the timing of the motion to withdraw. United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988).

The testimony at Cambronne's suppression hearing reflects the following: While stopped at a 7-Eleven convenience store, Detectives Neese and Reid decided to investigate a suspiciously parked vehicle, the license plate number of which did not match the vehicle. Neese testified that he walked to the driver's side of the car and observed what he believed to be marijuana on the center console. At that time, Reid was talking to the individual in the car, who the detectives later learned was Cambronne. Eventually, Reid took Cambronne out of the vehicle while Neese

3

called for a canine narcotics search. Officer Clark eventually arrived with a narcotics canine, which alerted the officers to the potential presence of contraband under the driver's seat of the car. Neese testified that he discovered a handgun and a bottle of crack cocaine beneath the driver's seat of the car. According to Neese's testimony, a tow truck arrived to take Cambronne's car into police custody. On the basis of Neese's and Reid's testimony regarding the course of events, the district court denied Cambronne's motion to suppress.

Cambronne eventually pleaded guilty, but, at the sentencing hearing, he sought to withdraw his plea, claiming that after the suppression hearing, he and his attorney learned that the tow-truck driver discovered the bottle of crack cocaine in the course of preparing to tow the car and called the police to recover it. Cambronne argues that this casts doubt on the detectives' veracity at the suppression hearing, as they omitted mention of the tow-truck driver's involvement in the discovery of the crack cocaine. Cambronne's request to withdraw his guilty plea came approximately one month after speaking to the tow-truck driver.

In rejecting Cambronne's motion to withdraw his guilty plea, the court noted that the truck driver's testimony would not address Cambronne's guilt or innocence in the case. The district court noted the seeming misconduct of the detectives but denied Cambronne's motion on the basis of his admission of factual

4

guilt and the fact that the new evidence would not affect the "result," presumably of a new suppression hearing. We find no error in the district court's ruling as Cambronne does not explain how the tow-truck driver's testimony would plausibly change the district court's denial of Cambronne's motion to suppress. Accordingly, the balance of the Buckles factors support the district court's ruling.

Cambronne next argues that the district court erred in failing to sentence him below the statutory minimum by way of a safety valve adjustment under § 5C1.2 of the Guidelines. We review the district court's factual determinations under § 5C1.2 for clear error, United States v. Cruz, 106 F.3d 1553, 1557 (11th Cir. 1997), and we review the district court's interpretation and application of the guidelines de novo. United States v. Matos-Rodriguez, 188 F.3d 1300, 1309 (11th Cir. 1999). Section 5C1.2(a) enables a court to sentence below the statutory minimum for an offense if a defendant meets five conditions, including the requirement that "the defendant did not . . . possess a firearm . . . in connection with the offense." U.S.S.G. § 5C1.2(a)(2). We have considered the phrase "in connection with" in other contexts and concluded that it should be given an "expansive interpretation." Matos-Rodriguez, 188 F.3d at 1308–09. In Matos-Rodriguez, for example, we affirmed a district court's determination that a defendant possessed a gun "in connection with" the delivery of counterfeit

5

currency by taking the gun with him to make the delivery, even though he did not in fact use the gun. Id. at 1308–09.

Here, Cambronne argues that although the gun was found in close proximity to the contraband beneath the driver's seat of his car, he was unaware of its presence, as he normally kept it at home. Cambronne argues that the district court was inclined to apply the safety-valve adjustment to his sentence but erroneously felt constrained by the gun's proximity to the contraband in Cambronne's car, whether or not Cambronne knew the gun was in the car. Although we have affirmed inferences of such knowledge and findings that a gun was possessed "in connection with" offenses without actual use, a defendant cannot be found to possess a gun "in connection with" an offense without knowledge of the gun's presence. See, e.g., United States v. Jackson, 276 F.3d 1231, 1234–35 (11th Cir. 2001) (describing circumstances that convert simple possession of a firearm into possession "in connection with" a particular offense). Because the record is unclear as to whether the district court made a finding that Cambronne knew the gun was in the car, we vacate the district court's denial of Cambronne's request for a safety-valve adjustment and remand this issue for reconsideration of this issue.

The government urges that we nonetheless affirm the district court's denial of Cambronne's request for application of the safety valve on several grounds not

considered by the district court. Whether or not the circumstances cited by the government would support the factual findings that the government urges we adopt in affirming on alternative bases, we decline that invitation and allow the district court to consider in the first instance the factual issues it deems relevant on remand.

Therefore, we AFFIRM the district court's denial of Cambronne's motion to withdraw his guilty plea, VACATE the denial of Cambronne's request for a safety-valve adjustment, and REMAND for further proceedings consistent with this opinion.

**AFFIRMED IN PART, VACATED IN PART, and REMANDED**.