[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 18, 2010
JOHN LEY
CLERK

No. 09-15886
Non-Argument Calendar

_____

D. C. Docket No. 08-00014-CR-1-SPM-AK-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRANDON TERELL STEVENSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(August 18, 2010)

Before TJOFLAT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Brandon Stevenson appeals his conviction for conspiracy to distribute and to

possess with intent to distribute more than five kilograms of cocaine and more than fifty grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), and his resulting sentence of life imprisonment followed by ten years of supervised release. After review, we affirm.

I.

On appeal, Stevenson argues that he did not knowingly and voluntarily plead guilty because he was not properly advised that he would be sentenced to a mandatory life sentence, and thus he did not understand the consequences of his plea. In essence, he argues that the failure to ensure that he understood the consequences of his plea constituted a violation of Rule 11 of the Federal Rules of Criminal Procedure. He requests that his conviction be vacated and that he be allowed to withdraw his plea.

Rule 11 of the Federal Rules of Criminal Procedure covers the proper procedure for considering and accepting a guilty plea. We review Rule 11 objections raised for the first time on appeal for plain error. *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005). Under plain error review, the defendant must establish: (1) an error, (2) that is plain, and (3) that affects substantial rights. *Id.* When these three factors are met, we may then exercise our discretion and correct the error if it "seriously affect[s] the fairness, integrity, or

2

public reputation of the judicial proceedings." *Id.* (internal quotation marks omitted) (alteration in original). When determining whether a Rule 11 error in the plea colloquy affects a defendant's substantial rights, the appellate court may refer to the entire record. *United States v. Vonn,* 535 U.S. 55, 74-75, 122 S. Ct. 1043, 1054-55 (2002).

"A guilty plea involves the waiver of a number of a defendant's constitutional rights, and must therefore be made knowingly and voluntarily to satisfy the requirements of due process." *Moriarty*, 429 F.3d at 1019. Before accepting a guilty plea, a judge must address the core concerns contained in Rule 11(b): (1) that the guilty plea is voluntary; (2) that the defendant understands the nature of the charges; and (3) that the defendant is aware of the consequences of his plea. *Id.* This requires the district court to, *inter alia*, inform the defendant of "any maximum possible penalty" and "any mandatory minimum penalty." Fed. R. Crim. P. 11(b)(1)(H)-(I).

Here, Stevenson cannot demonstrate that the district court committed plain error because the record reflects that Stevenson knew he was subject to a mandatory life sentence. Before Stevenson entered his plea, the government filed an Information and Notice of Intent that informed Stevenson that it was seeking enhanced penalties based on his prior convictions that would subject him to a

3

minimum mandatory sentence of life imprisonment. Looking to the plea agreement itself, the first paragraph covering the terms of Stevenson's plea states that "defendant would ordinarily face a sentence of not less than ten years or more than life imprisonment," but "based upon the defendant's prior felony drug convictions, he faces a sentence of not less that Life imprisonment." The agreement goes on to state that the "parties further understand and agree that the District Court's discretion in imposing sentence is limited only b[y] the statutory maximum sentence and any mandatory minimum sentence prescribed by statute for the offense." At his change of plea hearing before the magistrate judge, Stevenson was asked whether he could read and write the English language. He responded affirmatively. He was then asked whether he was able "to read all of the documents like the indictment and the plea agreement." He responded affirmatively. The magistrate judge then went on to describe the penalty Stevenson was facing. The judge noted that a conviction carried "a sentence of not less than life imprisonment." Stevenson was asked whether he understood that penalty. He responded affirmatively. Stevenson reiterated that he fully understood the agreement and its consequences. At the close of the hearing, the magistrate judge expressly found that Stevenson understood the consequences of pleading guilty.

There is a strong presumption that statements made during a plea colloquy are true. *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). Consequently, a defendant bears a heavy burden to show that his statements under oath were false. *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988). Stevenson has not convinced us that the statements he made at the change of plea hearing professing understanding of the mandatory life sentence he was facing were false. He now argues that a person of his education and background could not have understood that he was facing a mandatory life sentence because the magistrate judge then went on to describe the supervised release penalty he faced. The magistrate judge was required by Fed. R. Crim. P. 11(b)(1)(H) & (I) to inform Stevenson of any maximum penalty, including supervised release, and to inform him of any mandatory minimum penalty. Under 21 U.S.C. § 841(b)(1)(A), Stevenson was subject to a mandatory ten years of supervised release; thus, the magistrate judge was required to inform him of this fact. Nothing at the change of plea hearing indicates that Stevenson understood the ten years supervised release penalty to somehow supersede or alter the mandatory life sentence he was otherwise facing.[1] Stevenson also points out that at his sentencing hearing, when

---

[1] Stevenson argues that discussing a term of supervised release after a term of life imprisonment is illogical; however, at that time, he was still seeking a Substantial Assistance departure pursuant to U.S.S.G. § 5K1.1 that could have allowed for a sentence below the mandatory life sentence he was otherwise facing. *See* U.S.S.G. § 5K1.1 comment. (n.1). Had he

5

the district court asked him whether his lawyer had discussed the sentence required by law in his case that he replied that it was a "ten to life" sentence. Stevenson then stated that his lawyer had not informed him that a life sentence was mandated by statute in his case. The district court asked Stevenson's lawyer whether he had advised Stevenson of the sentence he was facing. Stevenson's lawyer replied: "I don't know that I can ethically say that without violating confidentiality, but I would indicate to the Court that I properly told Mr. Stevenson the Guideline sentence and the sentence he was facing if he was not successful in obtaining a 5K1 from the government, which was life imprisonment." Thus, his lawyer informed him that if he did not receive a departure pursuant to § 5K1.1, which he did not, that he was subject to a life sentence. This statement was in agreement with the Information and Notice of Intent, the plea agreement itself, and statements at the change of plea hearing, all of which indicated that Stevenson was subject to a mandatory minimum life sentence and that he understood as such.

Morever, "a defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have

received that departure, any supervised release would have been quite consequential.
Stevenson does not challenge the fact that the magistrate judge erroneously identified the term of supervised release as life instead of ten years at the hearing.

entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83, 124 S. Ct. 2333, 2340 (2004). "A defendant must thus satisfy the judgment of the reviewing court, informed by the entire record, that the probability of a different result is sufficient to undermine confidence in the outcome of the proceeding." *Id.* Stevenson has also not shown to a reasonable probability that, but for the alleged error, he would not have entered the plea. He contends that the mandatory sentence was not made clear to him until just before sentence was imposed. Yet he did not move at that time to withdraw his guilty plea. Moreover, even assuming *arguendo* that the requirements of Rule 11 were not met at the plea change hearing, Stevenson still would have been motivated at that time to enter the plea agreement because it kept open the possibility of a § 5K1.1 departure, which might have resulted in a lower sentence. Certainly Stevenson brings this appeal and requests the opportunity to withdraw his plea, but that alone is not enough to convince us to a reasonable probability that he would not have entered the plea.

Accordingly, we affirm Stevenson's conviction.

## II.

Stevenson also argues that his mandatory life sentence violates the Fifth and Sixth Amendments because his qualifying prior convictions were not supported by a jury finding. Stevenson concedes that this argument is contrary to Supreme Court

and Eleventh Circuit precedent, but asserts that he wishes to preserve his argument.

As Stevenson recognizes, the Supreme Court has held that the Sixth Amendment does not require the government to allege in its indictment or to prove beyond a reasonable doubt that a defendant's prior convictions qualify him for enhanced sentencing. *Almendarez-Torres v. United States*, 523 U.S. 224, 226, 118 S. Ct. 1219, 1222 (1998). Because we are "bound by *Almendarez-Torres* until it is explicitly overruled by the Supreme Court," Stevenson's argument is foreclosed by precedent. *United States v. Dowd*, 451 F.3d 1244, 1253 (11th Cir. 2006). We acknowledge both his desire to preserve this issue for appeal and his concession that this panel can offer no relief on this point. Accordingly, we affirm Stevenson's sentence.

AFFIRMED.