[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 6, 2012
JOHN LEY
CLERK

No. 11-11964
Non-Argument Calendar
_____

D.C. Docket No. 8:10-cr-00136-JSM-EAJ-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHELLE DUVAL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 6, 2012)

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Michelle Duval appeals her conviction and sentence for possession of a firearm as a convicted felon. On appeal, she argues that the district court abused its discretion by denying her motion to withdraw her guilty plea, and that the district court erred in sentencing her pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).

## I.

On appeal, Duval argues that the district court erred in denying her motion to set aside her guilty plea because the record shows that she entered her plea without knowledge of the nature of the charges against her or the possible sentences she could receive.

We review a district court's decision to deny a motion to withdraw a guilty plea for an abuse of discretion. United States v. Brehm, 442 F.3d 1291, 1298 (11th Cir. 2006). The district court does not abuse its discretion unless its decision is arbitrary or unreasonable. Id. We consider four factors when reviewing the district court's decision: (1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) the conservation of judicial resources; and (4) prejudice to the government if the defendant were allowed to withdraw her plea. Id.

Here, Duval has challenged only whether the plea was knowing and

2

voluntary. A guilty plea is knowing and voluntary if the defendant entered the plea without coercion and with the understanding of the nature of the charges and the consequences of the plea. United States v. Brown, 586 F.3d 1342, 1346 (11th Cir. 2009). There is a strong presumption that the statements made during the plea colloquy are true. United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994). The defendant bears a heavy burden to show statements made under oath at a plea colloquy were false. United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988). It is up to the district court to determine the defendant's credibility and the weight of a defendant's assertions in support of a motion to withdraw a guilty plea. Brehm, 442 F.3d at 1298.

At an extensive plea colloquy, Duval indicated that she had not received any threats, that she was fully satisfied with her attorney's work, that she understood the charges against her (including four previous felonies that would enhance her punishment under the ACCA), that she had read and signed the plea agreement, that the judge was not bound by any government recommendations, that she understood her waiver of appeal, that she was giving up her trial rights, and that she was facing a minimum of fifteen years in prison with a maximum of life.

Duval has not demonstrated that her guilty plea was either unknowing or involuntary, particularly in light of the heavy burden she would need to shoulder

in order to prove that her statements made under oath at the plea hearing were false. The record reflects that Duval was on notice of the nature and circumstances of the charges against her, the rights that she was foregoing, and the potential minimum and maximum sentences. Thus, the district court did not abuse its discretion in denying her motion to withdraw her guilty plea.

## II.

Duval also argues that the district court erred in sentencing her pursuant to the ACCA.[1] Duval challenges the dates of the predicate convictions used to impose the ACCA enhancement, arguing that the government failed to meet its burden of showing that her crimes arose out of separate and distinct criminal episodes.

Whether prior convictions meet the ACCA's separate offenses requirement is a legal determination that we review de novo. United States v. Pope, 132 F.3d 684, 689 (11th Cir. 1998).

The ACCA imposes a mandatory minimum sentence of fifteen years' imprisonment for defendants who have three previous convictions "for a violent

---

[1] Duval's plea agreement contains a waiver of her right to appeal her sentence except on the grounds that (a) the sentence exceeds the defendant's applicable guidelines range, (b) the sentence exceeds the statutory maximum penalty, or (c) the sentence violates the Eighth Amendment. The government concedes that the waiver does not bar her instant appeal, so we proceed to address the merits.

4

felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). We have held that under § 924(e)'s different-occasions inquiry, a sentencing court must determine whether "the perpetrator had a meaningful opportunity to desist his activity before committing the second offense." Pope, 132 F.3d at 690. In making this determination, a "showing that the crimes reflect distinct aggressions, especially if the defendant committed the crimes in different places, is particularly probative." Id. at 692.

The findings of fact of the sentencing court may be based on evidence heard during trial, facts admitted by a defendant's plea of guilty, undisputed statements in the presentence investigation report ("PSI"), or evidence presented at the sentencing hearing. United States v. Wilson, 884 F.2d 1355, 1356 (11th Cir. 1989).

Here, the PSI indicates that on September 2, 1992, Duval was arrested for the sale of rock cocaine and on December 21, 1992, she was convicted in Manatee County; on February 11, 1995, she was arrested for robbery of a J.C. Penney store and on February 26, 1996, she was convicted[2] in Pinellas County; and on July 7, 1995, she was arrested for sale of cocaine and on April 1, 1996, she was convicted

---

[2] Duval contends that this conviction was vacated, but the PSI confirms that the sentence–not the conviction–was vacated, and Duval was then re-sentenced.

in Pinellas County. These dates of conviction are confirmed by Duval's signed plea agreement.

The PSI and Duval's prior admissions support the district court's finding that these convictions arose out of separate criminal episodes. Thus, there was no error in the court's determination that Duval had three prior violent felony or serious drug convictions for the purposes of the ACCA.

Duval also contends that the prosecutor failed to conform with 21 U.S.C. § 851, which states in relevant part:

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before . . . entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

21 U.S.C. § 851(a)(1) (emphasis added). However, Duval was not prosecuted under 21 U.S.C. § 851, which deals with controlled substances. She was prosecuted under 18 U.S.C. § 924(e), which is the ACCA.

AFFIRMED.