[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11382
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 8, 2012
JOHN LEY
CLERK

D.C. Docket No. 8:09-cr-00547-EAK-MAP-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JACQUELINE PITTS,
a.k.a. Jacqueline Jasper,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 8, 2012)

Before TJOFLAT, EDMONDSON and BARKETT, Circuit Judges.

PER CURIAM:

Jacqueline Pitts appeals her convictions for the conspiracy to possess with

the intent to distribute cocaine, the attempt to possess with the intent to distribute cocaine, the possession of a firearm during a drug trafficking crime, and the possession of a firearm by a convicted felon. On appeal, Pitts argues that the district court erred in denying her motion to withdraw her guilty plea because she lacked close assistance of counsel and her plea was not knowing and voluntary.

We review for an abuse of discretion a district court's decision to deny a motion to withdraw a guilty plea. *United States v. Brehm*, 442 F.3d 1291, 1298 (11th Cir. 2006). The district court does not abuse its discretion unless its decision is arbitrary or unreasonable. *Id.* (quotation omitted).

The district court may allow a defendant to withdraw a guilty plea after the court has accepted the plea but before it has imposed a sentence if "the defendant can show a fair and just reason for requesting the withdrawal." Fed.R.Crim.P. 11(d)(2)(B). The district court "may consider the totality of the circumstances surrounding the plea." *Brehm*, 442 F.3d at 1298 (quotation omitted). We consider four factors when reviewing the district court's decision: "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." *Id.* (quotation omitted).

A guilty plea is knowing and voluntary if the defendant entered the plea without coercion and understands the nature of the charges and the consequences of the plea. *United States v. Brown*, 586 F.3d 1342, 1346 (11th Cir. 2009), *cert. denied*, 130 S.Ct. 2403 (2010). When a defendant has received close assistance of counsel and pleaded guilty knowingly and voluntarily, we have declined to give considerable weight or attention to the third and fourth factors. *United States v. Gonzalez-Mercado*, 808 F.2d 796, 801 (11th Cir. 1987). The district court may consider the timing of the defendant's request to withdraw a guilty plea. *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988). A significant delay between the plea and the request to withdraw suggests a calculated effort to improve one's position instead of a "swift change of heart." *Id.* at 168-69; *Gonzalez-Mercado*, 808 F.2d at 801.

"There is a strong presumption that the statements made during the [plea] colloquy are true." *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). The defendant "bears a heavy burden" to show statements made under oath at a plea colloquy were false. *Rogers*, 848 F.2d at 168. It is up to the district court to determine "[t]he good faith, credibility and weight of a defendant's assertions in support of a motion" to withdraw a guilty plea. *Brehm*, 442 F.3d at 1298 (quotation omitted).

Upon review of the record and consideration of the parties' briefs, we affirm as the district court did not abuse its discretion in denying Pitts's motion to withdraw her guilty plea. The record reflects that there was ample evidence for the district court to conclude that Pitts had close assistance of counsel leading up to her guilty plea and that her guilty plea was knowing and voluntary. At the plea colloquy, Pitts stated that her attorney had fully and completely discussed the case with her, had advised her of her constitutional rights and possible defenses, and that she was completely satisfied with her attorney's advice and representation. The district court found that Pitts's testimony at the hearing on the motion to withdraw was insufficient to rebut the presumption that her testimony at the plea hearing was true. Additionally, as found by the district court, the timing of Pitts's motion to withdraw her plea does not suggest a "swift change of heart." *See Rodgers*, 848 F.2d at 168-69; *Gonzalez-Mercado*, 808 F.2d at 801. Pitts's motion to withdraw her plea was filed approximately four months after her guilty plea and on the heels of receiving the presentence investigation report, the day before the scheduled sentencing hearing.

We find that the district court did not abuse its discretion when it denied Pitts's motion to withdraw her guilty plea.

**AFFIRMED.**

4