[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15354
Non-Argument Calendar
_____

D.C. Docket No. 7:12-cr-00495-LSC-JEO-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUWAN HUNTER,
a.k.a. Woop,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(October 16, 2014)

Before HULL, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Juwan Hunter appeals the denial of his motion to withdraw his plea of guilty to five counts of violations of federal law arising out of a string of armed robberies of convenience stores.  Hunter argues on appeal that the district court failed to evaluate the four factors enumerated in *United States v. Buckles*, 843 F.2d 469, 472 (11th Cir. 1988), and should have permitted him to withdraw his plea because he did not receive close assistance of counsel.  After careful review, we conclude that the district court did not abuse its discretion in refusing to allow Hunter to withdraw his guilty plea.

## I.

A federal grand jury indicted Hunter on four counts of robbery affecting interstate commerce ("Hobbs Act robbery"), in violation of 18 U.S.C. § 1951(a), and three counts of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  Pursuant to a written plea agreement, Hunter pled guilty to all four counts of Hobbs Act robbery and one of the firearm counts.  In the agreement, Hunter stipulated to a total sentence of 300 months' imprisonment.

Less than two weeks after the plea hearing, Hunter filed a *pro se* motion to appoint new counsel and withdraw his guilty plea, but in the motion, he did not explain the basis for requesting withdrawal.  The court held a hearing on the withdrawal motion on the same day as, and immediately before, Hunter's

sentencing hearing. At the hearing, Hunter stated that he sought a new attorney and wanted to withdraw his guilty plea because his attorney never visited him, never reviewed defenses with him, and did not communicate with him. He also stated that he had always wanted to take the case to trial, but his attorney thought he was guilty. According to Hunter, his attorney had his mother try to convince him to plead guilty. Hunter claimed that he took the plea under duress, from peer pressure, and because he was scared of the district judge as a result of rumors that he had heard. The judge indicated that he thought Hunter wished to withdraw his plea because Hunter's co-defendant had been found not guilty.

When asked by the court for a response, Hunter's attorney stated that he had visited Hunter five or six times in jail and was ready for trial, but Hunter had decided that he wanted to plead guilty. Although Hunter did briefly change his mind after that and state his intention to proceed to trial, according to the attorney, Hunter ultimately decided to plead guilty after talking over the potential sentencing ranges and speaking with his parents. The district court denied Hunter's *pro se* motion to withdraw his guilty plea and then sentenced him to the stipulated sentence of 300 months' imprisonment. This appeal, from the denial of the motion requesting withdrawal of the guilty plea, followed.

**II.**

3

We review the denial of a motion to withdraw a guilty plea for an abuse of discretion.  *United States v. Brehm*, 442 F.3d 1291, 1298 (11th Cir. 2006).  The district court does not abuse its discretion unless its denial is arbitrary or unreasonable.  *Id.*  We likewise review for abuse of discretion a district court's decision about whether to hold an evidentiary hearing.  *Id.*

### III.

Hunter argues that the district court erred in denying his motion to withdraw his guilty plea without first conducting an evidentiary hearing to evaluate the four factors enumerated in *Buckles*.  Hunter concedes that the colloquy conducted pursuant to Rule 11, Fed. R. Crim. P., at the plea hearing shows that the plea was knowing but contends that he did not have a "working relationship" with counsel, which affected his ability to understand the consequences of pleading guilty. Hunter requests a remand for a new trial or an evidentiary hearing.

Defendants seeking to withdraw a guilty plea after the court has accepted the plea but before sentencing must "show a fair and just reason for requesting the withdrawal."  Fed. R. Crim. P. 11(d)(2)(B).  Whether a defendant's motion to withdraw shows a fair and just reason is to be liberally construed; however, the decision to allow withdrawal is left to the sound discretion of the district court, and we will reverse only if the court's decision is "arbitrary or unreasonable."  *Buckles*, 843 F.2d at 471.

4

In determining whether a defendant has met his burden to show a "fair and just reason" to withdraw a guilty plea, a district court may consider the totality of the circumstances surrounding the plea, including whether (1) close assistance of counsel was available, (2) the plea was knowing and voluntary, (3) judicial resources would be conserved, and (4) the government would be prejudiced if the defendant were allowed to withdraw his plea. *Id.* at 471-72. If an appellant does not satisfy the first two factors of the *Buckles* analysis, we need not "give particular attention" to the remaining factors. *United States v. Gonzalez-Mercado*, 808 F.2d 796, 801 (11th Cir. 1987).

In light of Hunter's statements at his plea hearing, we do not find convincing Hunter's contentions that he did not have a "working relationship" with his attorney or that his attorney failed to discuss the case adequately with Hunter. Specifically, Hunter stated under oath at the plea hearing that he had read and reviewed with his attorney his indictment, guilty-plea advice-of-rights certification, and plea agreement and that he had no complaints about his attorney's representation of him, describing his attorney as having done a "good job." Hunter further expressed his belief that his attorney had spent "a sufficient amount of time meeting with [him] and talking to [him]" about the case. And, in his plea agreement, Hunter stated that he had discussed his case and constitutional rights with his attorney and that he was satisfied with his lawyer's representation. He

5

further acknowledged his understanding that the plea agreement was "binding as to the Parties . . . ."

The district judge also fully explained to Hunter that he had a right to proceed to trial, and he described all of the attendant rights to Hunter. Hunter stated that he understood his rights, including his rights to persist in a not-guilty plea and to have a trial. And throughout the course of the plea colloquy, the judge continued to advise Hunter that he did not have to plead guilty and that he could proceed to trial. Before ultimately asking Hunter what his plea was, the district court again explained, "Mr. Hunter, I am prepared to accept your guilty plea[s] if you want to offer them. You don't have to. You can say, 'Nope, I want a trial.' Do you understand me?" Hunter replied that he did and then pled guilty.

These statements under oath directly contradict Hunter's later contentions that he "always wanted to go to trial." They are also contrary to defense counsel's statements regarding his meetings with Hunter and his readiness for trial. A strong presumption exists that Hunter's statements made under oath during his plea hearing were true, and Hunter must overcome a heavy, but not insurmountable, burden of proving those statements false. *See United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994); *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988).

6

All he offers to satisfy this burden, however, are his allegations that he was under duress to plead guilty because his mother and his attorney had advised him to do so and because he had heard rumors that the judge was a tough sentencer. These circumstances do not satisfy Hunter's burden to prove false his statements during the plea colloquy. Particularly in light of Hunter's numerous statements under oath during his change-of-plea hearing, the record in the case, and counsel's unrebutted statements that he had met with Hunter five or six times and was ready for trial, Hunter's allegations of duress are also insufficient to show that he did not receive close assistance of counsel or that his plea was involuntary. *See Buckles*, 843 F.2d at 472.

At the plea hearing, Hunter acknowledged that nobody threatened or coerced him into pleading guilty and that he was entering the plea voluntarily. As with his post-change-of-plea statements about always wanting to go to trial, Hunter has also failed to overcome the presumption that the statements regarding the lack of cognizable coercion were false when made, and his subsequent contentions that he was "under duress" and "wasn't in [his] right state of mind" when he pled guilty are insufficient. "All pleas of guilty are the result of some pressures or influences on the mind of the defendant," and "[a] defendant cannot complain of coercion where his attorney, employing his best professional judgment, recommends that the defendant plead guilty." *Id.* (quotation marks omitted). Hunter has made no

7

allegation that his attorney or others improperly pressured or coerced him into pleading guilty; rather, his allegations are indicative of the kinds of pressures and tradeoffs inherent in the difficult decision of whether to plead guilty. Consequently, it was well within the district court's sound discretion to discredit Hunter's allegations concerning his attorney's representation in connection with his motion to withdraw his guilty plea. *See Brehm*, 442 F.3d at 1298; *Buckles*, 843 F.2d at 471-72.

Because Hunter received close and adequate assistance of counsel and entered his plea knowingly and voluntarily, the district court did not abuse its discretion in denying Hunter's motion to withdraw his guilty plea, despite the relatively short period between the guilty plea and the motion to withdraw that plea. *See Gonzalez-Mercado*, 808 F.2d at 801 (noting that the time between the entry of the plea and the motion to withdraw may be indicative of a defendant's motivation in entering a plea). In making this determination, we do not "give particular attention" to the final two *Buckles* factors. *See id*.

Finally, Hunter did not allege in the district court and has not argued on appeal that the trial judge did not comply in full with Rule 11 at the plea hearing. In fact, Hunter concedes that the Rule 11 colloquy was sufficient to show that the plea was knowing. Because the district court conducted a comprehensive Rule 11 hearing that thoroughly evaluated the knowing and voluntary nature of Hunter's

guilty plea, the court did not err by failing to hold an evidentiary hearing on his motion to withdraw the plea.  *See United States v. Stitzer*, 785 F.2d 1506, 1514 (11th Cir. 1986) (the refusal to conduct an evidentiary hearing is not an abuse of discretion where the trial court made extensive Rule 11 inquiries before accepting the defendant's plea).

## IV.

In sum, Hunter did not meet his burden of showing a "fair and just reason" for withdrawal of his plea, and the district court's refusal to permit Hunter to withdraw his guilty plea was not arbitrary or unreasonable.  We, therefore, affirm.

**AFFIRMED.**