[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15189
Non-Argument Calendar
_____

D.C. Docket No. 6:14-cr-00232-CEM-KRS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KYLE JENNINGS,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 27, 2016)

Before TJOFLAT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Kyle Jennings appealed his conviction after pleading guilty to receipt of

child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1).

Specifically, he argued that the district court abused its discretion in denying Jennings's motion to withdraw or set aside his plea because a sufficient factual basis did not support the plea and he did not knowingly and voluntarily enter into the plea.

We review the district court's denial of a motion to withdraw a guilty plea for an abuse of discretion. *United States v. Symington*, 781 F.3d 1308, 1312 (11th Cir. 2015). The district did not abuse its discretion unless its decision was arbitrary or unreasonable. *United States v. Brehm*, 442 F.3d 1291, 1298 (11th Cir. 2006) (quotation omitted). The defendant-movant carried the burden on a motion to withdraw a guilty plea. A defendant seeking to withdraw a guilty plea after its acceptance but prior to sentencing must demonstrate a "fair and just reason" for doing so. Fed. R. Crim. P. 11(d)(2)(B).

In determining whether a defendant met his burden of showing a "fair and just reason" to withdraw a guilty plea, a district court may consider the totality of circumstances surrounding the plea, including whether: (1) the close assistance of counsel was available, (2) the plea was knowing and voluntary, (3) judicial resources would be conserved, and (4) the government would be prejudiced if the defendant were allowed to withdraw his guilty plea. *United States v. Buckles*, 843 F.2d 469, 471–72 (11th Cir. 1988). However, the district court needed not find prejudice to the government before denying a defendant's motion to withdraw. *Id*.

2

at 474.  An appellant's failure to satisfy the first two factors of the *Buckles* analysis rendered analyzing the remaining factors unnecessary.  *See United States v. Gonzalez-Mercado*, 808 F.2d 796, 801 (11th Cir. 1987) (affirming a district court's denial of a motion to withdraw a guilty plea based on the first two factors, but declining to give "considerable weight" to the third factor or "particular attention" to the possibility of prejudice to the government").

In determining whether a plea was knowing and voluntary, the district court must ensure compliance with the core concerns of Fed. R. Crim. P. 11, including that the defendant: "(1) enter[ed] his guilty plea free from coercion, (2) underst[ood] the nature of the charges, and (3) underst[ood] the consequences of his plea."  *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005).  Additionally, the "good faith, credibility, and weight of a defendant's assertions in support of a motion to withdraw a guilty plea [we]re issues for the trial court to decide."  *United States v. Brehm*, 442 F.3d 1291, 1298 (11th Cir. 2006).  Statements made under oath by a defendant during a plea colloquy received a strong presumption of truthfulness.  *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994).  Consequently, a defendant bore "a heavy burden" to show that his statements under oath were false.  *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988).

We have also noted that "the timing of [an] appellant's motion to withdraw also deserves … consideration." *Gonzalez Mercado*, 808 F.2d at 801. "The timing between entry of the plea and motion to withdraw the plea may be indicative of the defendant's motivation." *Id*. To grant a motion to withdraw simply because a defendant was weary of an anticipated harsher-than-contemplated sentence would be to permit an appellant to use the guilty plea as a means of testing the weight of a potential sentence—a primary ground for denying plea changes. *Id*. An appellant "should not be allowed to circumvent the finality of Rule 11" when the motion to withdraw was filed because the appellant anticipated a harsher-than-contemplated sentence. *Id*.

Upon review of the record and consideration of the briefs of the parties, we affirm that the district court did not abuse its discretion in denying Jennings's motion to withdraw his guilty plea. The record reflected ample evidence for the district court to conclude that Jennings had close assistance of counsel leading up to his guilty plea. Jennings stated that his attorney fully and completely discussed the case with him and that he was completely satisfied with his attorney's advice and representation.

The record demonstrated that Jennings's plea was knowingly made and that he understood the nature of the charges against him. The district court did not err in concluding that the record belied Jennings's claim that his plea was invalid

under Fed. R. Crim. P. 11(b)(3) because it was supported by an insufficient factual basis. Jennings's plea agreement was unequivocal. Jennings endorsed the facts recited within the plea agreement under oath by initialing each page and signing in conclusion. The written agreement listed the elements of the offense, including that Jennings "knowingly" received items of child pornography and that he believed such items constituted child pornography. The pleading indicated that Jennings understood the nature of the offense to which he pled guilty. The factual basis accompanying the plea agreement—which Jennings also initialed—alleged that Jennings used computers to receive child pornography, that he stored 4000 images and 101 movies containing child pornography, and that his "voluminous" child pornography collection consisted of videos recording the sexual abuse of children. During his plea proceedings, Jennings twice confirmed to the court that he reviewed the entire written plea agreement with his attorney and he initialed every page. He admitted he was entering the plea voluntarily and that he had adequate time to communicate with his lawyer. After the government proffered facts demonstrating the quantity of images containing child pornography on Jennings's computers, the court specifically asked Jennings if he objected to any of the government's proffered facts. Jennings responded negatively. At the close of the proceeding, Jennings failed to object when the court found that he entered into his plea intelligently, freely, and voluntarily, and that a factual basis substantiated his

plea.  In order for Jennings's argument to carry the day, the district court would have to render invalid the signed plea agreement, Jennings's sworn endorsement of the plea agreement, and the entirety of the dialogue of his plea proceeding.  As such, the district court did not abuse its discretion in concluding that Jennings's argument lacks merit.

Additionally, the timing of Jennings's motion to withdraw his plea did not suggest a "swift change of heart."  *Gonzalez-Mercado*, 808 F.2d at 801.  Jennings filed his motion to withdraw his plea approximately three months after his guilty plea and on the heels of receiving the presentence investigation report.  The district court accurately noted that it was not until the eve of Jennings's sentencing hearing, six days after his presentence report issued recommending a guideline range of 97–121 months, the low end of which was 37 months higher than the mandatory minimum, that Jennings claimed his plea was not knowing and was not supported by an adequate factual basis.

The district court did not abuse its discretion in denying Jennings's motion to withdraw his guilty plea.  The court correctly considered that the timing of Jennings's attempted withdraw warranted consideration.  The plea was supported by a sufficient factual basis, as demonstrated by the pleadings signed and acknowledged by Jennings, as well as the assertions he made during the colloquy.

In addition, the record demonstrates that Jennings understood the nature of the charges against him.  Accordingly, we affirm Jennings's conviction.

**AFFIRMED.**