[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10902

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ANDRE LORQUET,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cr-20326-KMM-1

_____

_____

No. 24-12230

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ANDRE LORQUET,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cr-20326-KMM-1

_____

Before NEWSOM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Andre Lorquet appeals the judgment of the district court based on his plea of guilty to Count 7, a money laundering

violation under 18 U.S.C. § 1957.[1]  On appeal, Lorquet argues that the district court abused its discretion by denying his motion to withdraw his guilty plea because his counsel pressured him into pleading guilty, and therefore, the *Buckles*[2] factors favored allowing him to withdraw his guilty plea because he did not have close assistance of counsel or knowingly and voluntarily enter his plea.

"We review the denial of a motion to withdraw a guilty plea for abuse of discretion." *United States v. Brehm,* 442 F.3d 1291, 1298 (11th Cir. 2006) (quotation marks omitted).  An abuse of discretion only occurs if the denial was "arbitrary or unreasonable." *Id.* (quoting *United States v. Weaver*, 275 F.3d 1320, 1327 n.8 (11th Cir. 2001)).

Once a district court accepts a defendant's guilty plea, "[t]here is no absolute right to withdraw" from it.  *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994).  Instead, a defendant may withdraw a guilty plea after the court accepts it but before it imposes a sentence if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B).

When determining if the defendant has shown a fair and just reason for withdrawal, the district court "may consider the totality of the circumstances surrounding the plea," using the following four factors: "(1) whether close assistance of counsel was available;

---

[1] Although Lorquet initially also pled guilty to Count 9 (aggravated identity theft with respect to one of Lorquet's many fraudulent loans), the government later dismissed Count 9.

[2] *United States v. Buckles*, 843 F.2d 469, 471-72 (11th Cir. 1988).

(2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." *United States v. Buckles*, 843 F.2d 469, 471-72 (11th Cir. 1988) (citations omitted). "The good faith, credibility and weight of a defendant's assertions . . . are issues for the trial court to decide." *Id*. at 472. "A defendant cannot complain of coercion where his counsel, employing his best professional judgment, recommends that the defendant plead guilty." *Id*. "[A] district court need not find prejudice to the government before it can deny a defendant's motion to withdraw, [but] it may take this factor into account when assessing the defendant's motion." *Id*. at 474. We have held that, where factors one and two strongly lean against the appellant, we need not give considerable weight or attention to factors three and four. *See United States v. Gonzalez-Mercado*, 808 F.2d 796, 801 (11th Cir. 1987) (holding that because the appellant received close assistance of counsel and his plea was knowing and voluntary, we would not give considerable weight or attention to whether judicial resources would be conserved or the possibility of prejudice to the government).

The timing of the motion to withdraw the plea is also an important consideration. *Id*. "The longer the delay between the entry of the plea and the motion to withdraw it, the more substantial the reasons must be as to why the defendant seeks withdrawal." *Buckles*, 843 F.2d at 473. In *United States v. Gonzalez-Mercado*, we held that the district court did not abuse its discretion by denying the appellant's motion to withdraw after noting that while "[a] swift

change of heart is itself strong indication that the plea was entered in haste and confusion," the timing of the appellant's motion suggested that he "withdrew his plea in anticipation of a harsher sanction than that recommended in his plea agreement." *Gonzalez-Mercado*, 808 F.2d at 801.

"There is a strong presumption that the statements made during [a plea] colloquy are true." *Medlock*, 12 F.3d at 187. For this reason, "when a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false." *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988).

Issues not raised in an appellant's initial brief are typically deemed abandoned and will not be considered on appeal. *United States v. Campbell*, 26 F.4th 860, 871 (11th Cir. 2022).

Here, the district court did not abuse its discretion by denying Lorquet's motion. As to the first *Buckles* factor, Lorquet's argument that he did not have close assistance of counsel fails because he testified at his plea hearing that he discussed the plea agreement and the case with his counsel. He also testified at his plea hearing that he was satisfied with his counsel's representation. Although Lorquet testified at his evidentiary hearing that his counsel pressured him into taking the plea, it was for the district court to decide the credibility and weight of Lorquet's assertions offered in support of his motion to withdraw. *Buckles*, 843 F.2d at 472. The district court did not abuse its discretion in adopting the magistrate judge's finding that Lorquet's assertions that his counsel pressured him were not credible and could not overcome his testimony from the

plea hearing because his testimony from the plea hearing is afforded a strong presumption of truth and his claims presented in his motion and at his evidentiary hearing were vague and unsubstantiated. *Medlock*, 12 F.3d at 187.

As to the second *Buckles* factor, Lorquet's argument that his plea was not knowing and voluntary also fails. At the start of the plea hearing, the magistrate judge stated that Lorquet was at the hearing because he wanted to plead guilty and explained that it had to ask him a series of questions to determine that his decision to plead guilty was knowing and voluntary. Lorquet confirmed that he understood the purpose behind the magistrate judge's questions. After confirming that Lorquet had a chance to review the agreement with his counsel, the magistrate judge explained the agreement and its consequences to Lorquet. Lorquet informed the magistrate judge that no one made any promises to him to persuade him to enter the plea agreement and further asserted that no one threatened him in any way. Lorquet then confirmed that he was pleading guilty because he was in fact guilty.

At the evidentiary hearing, the only evidence Lorquet provided to show that his plea was not knowing and voluntary was his testimony that (1) he had trouble reading and writing because of a learning disability, (2) he felt "pressured and coerced" by his counsel, and (3) he received threats from people telling him that he "need[ed] to sign the plea or leave."

Because Lorquet's initial brief does not mention his claims that he was threatened into accepting the plea, Lorquet abandoned

any challenge to the district court's finding that these claims were not credible. *Campbell*, 26 F.4th at 871. Because Lorquet's initial brief does not mention his claims that he did not know he was pleading guilty because he has trouble reading and writing, Lorquet also abandoned any challenge to the district court's finding that these claims were not credible. *Campbell*, 26 F.4th at 871.

The district court did not abuse its discretion by adopting the magistrate judge's finding that Lorquet's claims that his counsel pressured him into accepting the plea were not credible because (1) the claims contradicted his sworn testimony from the plea hearing, which is afforded a strong presumption of truth, in which he stated that he wanted to plead guilty and was satisfied with his counsel's representation; (2) the claims were vague; and (3) he did not provide any evidence outside of his testimony at the evidentiary hearing to substantiate the claims. *Medlock*, 12 F.3d at 187.

The district court did not abuse its discretion by adopting the magistrate judge's finding that Lorquet's allegation that his counsel told him he could only say "yes" or "no" at the plea hearing did not substantiate his claims that his counsel was ineffective or that he acted under duress because, as the magistrate judge noted, he still could have answered no when asked if he was satisfied with his counsel's advice or if he reviewed and understood the plea agreement. Accordingly, the district court did not abuse its discretion in finding that the plea was knowing and voluntary.

While Lorquet is correct that the decisions of *Buckles* and *Beasley* discussed the testimony given by Buckles and Beasley's

attorneys at their respective evidentiary hearings, neither case supports Lorquet's position that the magistrate judge should have credited his testimony from the evidentiary hearing simply because it was the only witness testimony provided. *See Beasley*, No. 22-13794, manuscript op. at 4; *Buckles*, 843 F.2d at 472.

Because the district court did not abuse its discretion in concluding that Lorquet had the close assistance of counsel and entered a knowing and voluntary plea, this Court does not have to give considerable weight or attention to the third and fourth Buckles factors. *See Gonzalez Mercado*, 808 F.2d at 801. Even considering those factors, if the plea was withdrawn the government would have to prepare for trial as to Count 7 and this would arguably fail to conserve judicial resources and prejudice the government.

Lorquet's argument that the district court abused its discretion because he first moved to withdraw his guilty plea one month after it was accepted is also unpersuasive. In presenting this argument, Lorquet fails to mention that he filed his first motion to withdraw on the same day he filed his objections to the PSI in which he argued that the enhancement for obstruction of justice under U.S.S.G. § 3C1.1 was not warranted and that he should have received a reduction for accepting personal responsibility pursuant to § 3E1.1. He also fails to mention that he soon withdrew his first motion and did not renew his request to withdraw his guilty plea until his sentencing hearing, held over six months after his plea was accepted, during which the court found that the § 3C1.1 enhancement was warranted and that he would not receive a reduction for

acceptance of personal responsibility.  As indicated in the magistrate judge's R&R, these facts do not suggest that Lorquet had a "swift change of heart," but rather indicate that he wanted to avoid or delay his sentencing as he was set to receive a higher sentence than he anticipated or felt was appropriate given the application of the § 3C1.1 enhancement.  *Gonzalez Mercado*, 808 F.2d at 801.

For the foregoing reasons, the decision of the district court is

**AFFIRMED.**