[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-12900
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-20894-JLK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TY WEST,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 12, 2017)

Before HULL, WILSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Ty West appeals his convictions and total 384-month sentence after pleading guilty to three counts of carjacking, 18 U.S.C. § 2119(a); two counts of brandishing a firearm in furtherance of a crime of violence, 18 U.S.C. §§ 924(c)(1)(A)(ii) and (c)(1)(C)(i); and one count of possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1).  No reversible error has been shown; we affirm.

I.

West first challenges the district court's denial of his motion to withdraw his guilty plea.  Briefly stated, West contends that his lawyer failed to advise him adequately before the plea and that the plea was not knowing and voluntary.

We review the denial of a motion to withdraw a guilty plea under an abuse-of-discretion standard.  United States v. Brehm, 442 F.3d 1291, 1298 (11th Cir. 2006).  No abuse of discretion occurs "unless the denial is 'arbitrary or unreasonable.'"  Id.

A defendant -- like West -- who seeks to withdraw a guilty plea after the court has accepted the plea but before sentencing must demonstrate "a fair and just

2

reason" for doing so.  See Fed. R. Crim. P. 11(d)(2)(B).  We construe liberally whether a defendant's pre-sentence motion to withdraw is supported by "a fair and just reason."  United States v. Buckles, 843 F.2d 469, 471 (11th Cir. 1988).  A defendant, however, has "no absolute right to withdraw a guilty plea."  Id.  Instead, whether a defendant will be allowed to withdraw his plea is a decision "left to the sound discretion of the trial court."  Id.

In determining whether a defendant has satisfied his burden of showing a "fair and just reason" for withdrawal, the district court must "consider the totality of the circumstances surrounding the plea."  Id. at 472.  In pertinent part, the district court considers (1) whether the defendant received close assistance of counsel, and (2) whether the plea was entered knowingly and voluntarily.  Id.

The district court abused no discretion in denying West's motion to withdraw his guilty plea.  About the assistance received from his lawyer, West testified at his plea hearing that he had discussed the charges and possible sentences with his lawyer, that he understood them, and that he was satisfied with his lawyer's representation.  Statements made under oath by a defendant during a plea colloquy receive a strong presumption of truthfulness.  United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994).  A defendant "bears a heavy burden" to show that his statements under oath were false.  United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988).

At the hearing on his motion to withdraw, West testified only that he believed that his lawyer did not "fight enough" for him. But West also confirmed that, before the plea hearing, he had discussed the charges with his lawyer, understood the charges against him, and that his lawyer's representation was "not bad." In the light of this testimony, West failed to satisfy his "heavy burden" of showing that the earlier statements made about his lawyer's representation were false. Moreover, the record supports the district court's determination that West's lawyer not only acted professionally and provided every assistance required of a defense counsel under the circumstances, but that West's lawyer rendered services that exceeded expectations.

About the voluntariness of West's plea, West also contended that he was confused at the plea hearing and did not understand the factual proffer that he signed.[*] But West also testified that he in fact entered his plea voluntarily, understood what he was doing at the time, and that the main reason he sought to withdraw his plea was because of the length of the sentence he faced.

On this record, West has failed to demonstrate both that he received less than the close assistance of counsel before his plea and that his plea was not entered knowingly and voluntarily: two failures of proof. The district court thus

---

[*] Because West entered an open plea, he signed no factual proffer. During his testimony, West confirmed that the factual proffer was, instead, read aloud during the plea hearing and that he raised no objections to it.

4

abused no discretion in denying West's motion to withdraw his plea. See United States v. Gonzalez-Mercado, 808 F.2d at 801 (noting that close assistance of counsel and a knowing and voluntary plea are strong evidence in support of a district court's denial of a motion to withdraw a guilty plea).

## II.

West next challenges the district court's denial of his motion for new counsel.

We review the denial of a motion for new counsel for abuse of discretion. United States v. Calderon, 127 F.3d 1314, 1343 (11th Cir. 1997). In doing so, we consider "(1) the timeliness of the motion; (2) the adequacy of the court's inquiry into the merits of the motion; and (3) whether the conflict was so great that it resulted in a total lack of communication between the defendant and his counsel thereby preventing an adequate defense." Id.

About the first factor, we cannot say that West's motion -- made in open court on the morning of his sentencing hearing -- was timely made. Nevertheless, the district court postponed the sentencing hearing and conducted a detailed inquiry into the basis for West's motion for new counsel, including permitting West (with his lawyer's useful questioning) to testify about his concerns. Thus,

both the first and second factors weigh against West.  About the third factor, West also failed to demonstrate a total lack of communication between himself and his lawyer.  To the contrary, West confirmed that he had discussed the charges with his lawyer, that he had "received satisfactory assistance" from his lawyer, and that his lawyer's representation was "not bad."  In the light of this evidence, the district court abused no discretion in denying West's motion for new counsel.

Moreover, West has failed to show that he was prejudiced by the district court's ruling.  Nothing evidences that West's lawyer provided less than adequate and professional counsel, and West's sentence represented the statutory mandatory minimum sentence for the offenses to which he pleaded guilty.  See Calderon, 127 F.3d at 1343 (to demonstrate prejudice, a defendant must show that his lawyer's "performance was not within the range of competence demanded of attorneys in criminal cases and that 'but for' counsel's continued representation at the sentencing hearing, the result of the proceeding would have been different." (quotations omitted)).  Thus, even if the district court had abused its discretion -- which we reject -- that error would be deemed harmless.  See id.

6

III.

West next contends that his sentence is procedurally unreasonable because the district court failed to explain adequately the chosen sentence.  Because West raised no objection to the reasonableness of his sentence at his sentencing hearing, we review this issue only for plain error.  See United States v. Vandergrift, 754 F.3d 1303, 1307 (11th Cir. 2014).

We stress that nothing "requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors."  United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005) (the district court's explicit acknowledgement that it considered the parties' arguments and the section 3553(a) factors is sufficient).

In imposing West's sentence, the district court said expressly that it had considered the arguments made by the parties, the pre-sentence investigation report, the advisory guideline range, and the section 3553(a) factors.  The district court then determined that a sentence of 32 years' imprisonment -- which both parties had requested and which was at the low end of the guidelines range -- provided sufficient punishment.  The district court's explanation for the chosen sentence was adequate; West has demonstrated no plain error.  See id.

AFFIRMED.

7