[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 21-10562

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MARK RORY WHITEHEAD,

Defendant-Appellant.

————————————

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:19-cr-00042-KOB-GMB-1

————————————

Before JORDAN, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

Mark Whitehead appeals his conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(l). Mr. Whitehead challenges the district court's denial of both his motion to withdraw his guilty plea and his motion to suppress evidence. After review of the parties' briefs and the record, we affirm.

## I

### A[1]

On April 17, 2018, United States Marshals deputies executed a Michigan arrest warrant for Mr. Whitehead at his residence in Bessemer, Alabama. Following the arrest, the deputies conducted a safety sweep of Mr. Whitehead's residence and discovered a 12-gauge shotgun in the closet of his bedroom. The deputies then read Mr. Whitehead his *Miranda* rights, *see Miranda v. Arizona*, 384 U.S. 436 (1966), and he admitted the shotgun was his.

Prior to this arrest, Mr. Whitehead had been convicted of several felonies. In both 1996 and 2006, he was convicted of assault with a dangerous weapon. In 2007, he was again convicted of assault with a dangerous weapon as well as two counts of assaulting/resisting/obstructing a police officer.

---

[1] Because Mr. Whitehead pled guilty, the facts set out are those agreed upon and contained in the plea agreement.

Mr. Whitehead knew of these felony convictions at the time that the United States Marshals deputies found the shotgun in his possession.

## B

In February of 2019, a grand jury returned a superseding indictment, charging Mr. Whitehead with knowingly being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). In August of 2019, Mr. Whitehead entered into a plea agreement with the government and pled guilty.

The plea agreement advised Mr. Whitehead of the punishments he could face, including the possibility that he would be subject to a mandatory minimum of 15 years' imprisonment if he was found to be an armed career criminal under the Armed Career Criminal Act. The plea agreement also contained an appeal waiver under which Mr. Whitehead waived his right to appeal his conviction and sentence, subject to certain limited exceptions.[2]

The plea agreement further stated that "before giving up [his appellate] rights, [Mr. Whitehead] discussed the . . . Sentencing Guidelines and their application to [his] case with [his] attorney, who explained them to [his] satisfaction." In conjunction with the plea agreement, Mr. Whitehead completed a guilty plea advice of rights certification. Mr. Whitehead certified that he understood

---

[2] Mr. Whitehead reserved only his right to appeal a sentence imposed in excess of a statutory maximum, a sentence imposed in excess of the guidelines range, and claims of ineffective assistance of counsel.

that "[i]f a mandatory statutory minimum sentence [was] applicable, the judge [could not] sentence [him] below the minimum sentence."

The district court held a change of plea hearing. At the outset of the hearing, Mr. Whitehead's attorney advised the court that he needed to speak with his client, who had a question about the difference between accepting the plea agreement and pleading straight up to his single charge. The court permitted Mr. Whitehead to speak with his attorney. Mr. Whitehead then advised the court that he did not have any further questions for his attorney, and the court proceeded with the hearing.

The district court engaged in a colloquy with Mr. Whitehead while he was under oath. Mr. Whitehead confirmed that he had reviewed the plea agreement and discussed its terms with his counsel who answered all his questions to his satisfaction. The court advised Mr. Whitehead that he would be subject to a mandatory minimum of 15 years' imprisonment under the ACCA if he had been previously convicted of three violent offenses or serious drug offenses. Mr. Whitehead responded that he understood both the statutory maximum penalties and the ACCA enhancement. The court also advised Mr. Whitehead that it would not have discretion over whether to impose the statutory maximum if the ACCA applied. Again, Mr. Whitehead acknowledged that he understood.

Following this colloquy, Mr. Whitehead pled guilty to count one of the superseding indictment as charged.

## C

Prior to sentencing, a probation officer prepared a presentence investigation report stating that Mr. Whitehead qualified for a 15-year mandatory minimum under ACCA because he had three prior convictions for violent offenses. The probation officer calculated a total offense level of 30, which included a total three-level reduction for his acceptance of responsibility, and criminal history category of IV, resulting in an advisory guidelines imprisonment range of 135 to 168 months. Because the mandatory minimum sentence under the ACCA was greater than that range, however, his guidelines term of imprisonment became 180 months.

## D

In October of 2020, more than 14 months after entering his plea of guilty and more than 9 months after release of the PSI, Mr. Whitehead filed a motion to withdraw his plea. He argued that the plea agreement lacked consideration and was, therefore, not made "intentionally, knowingly, and/or voluntarily." He further asserted that he had not entered into the plea knowingly and voluntarily because he did not understand that he would face a mandatory minimum sentence of 15 years' imprisonment if he was found to be an armed career criminal.

The government responded, arguing that Mr. Whitehead had not established that it would be fair and just for him to withdraw his guilty plea. It maintained that Mr. Whitehead had received consideration because his guidelines range calculation

would have been higher if he had entered a straight up guilty plea rather than pled through the plea agreement. The government further argued that Mr. Whitehead received close assistance of counsel throughout the proceedings, and that he entered the guilty plea knowingly and voluntarily as evidenced by his exchange with the court during the plea colloquy.

Following a hearing—during which Mr. Whitehead did not introduce any evidence—the district court denied Mr. Whitehead's motion. The district court noted Mr. Whitehead's statements during the change of plea that his counsel was effective and found that, based on the actions of defense counsel throughout the proceedings, Mr. Whitehead received close assistance of counsel. The court stated that Mr. Whitehead's answers during the plea colloquy showed he entered into the plea knowingly and voluntarily. The court noted that both the plea agreement and colloquy made clear that, if the ACCA applied, Mr. Whitehead would be subject to the mandatory minimum and the court would have no discretion to go below it. The court also noted that judicial resources would not be conserved and that the government would be prejudiced if Mr. Whitehead withdrew his plea.

The district court later sentenced Mr. Whitehead to 180 months' imprisonment, based on the applicability of the ACCA, followed by two years' supervised release.

This appeal follows.

## II

Mr. Whitehead argues the district court abused its discretion in denying his motion to withdraw his guilty plea because he received no consideration for his guilty plea. He further argues that his plea was not knowing and voluntary and that he did not receive close assistance of counsel. He also contends that the district court erred in denying his motion to suppress evidence.

The government responds that the district court did not err in denying Mr. Whitehead's motion to withdraw his guilty plea because he had close assistance of counsel and his plea was made knowingly and voluntarily. It argues that the length and substance of the plea colloquy demonstrate that the plea was knowing and voluntary, and that Mr. Whitehead was aware of the potential consequences of his plea. The government further contends that Mr. Whitehead's challenge to the denial of his motion to suppress is barred by both his guilty plea and the appeal waiver contained within his plea agreement.

## A

We review the district court's decision to deny a defendant's motion to withdraw a guilty plea for abuse of discretion. *See United States v. McCarty*, 99 F.3d 383, 385 (11th Cir. 1996). "The denial of a motion to withdraw a guilty plea is not an abuse of discretion unless the denial was arbitrary or unreasonable." *United States v. Izquierdo*, 448 F.3d 1269, 1276 (11th Cir. 2006) (internal quotation marks omitted). The defendant carries the burden of showing a fair and just reason for withdrawing his plea. *See id.*

In determining whether the defendant has met his burden for withdrawing his guilty plea, a district court may consider the totality of the circumstances surrounding the plea, including the following factors: "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." *United States v. Buckles*, 843 F.2d 469, 472 (11th Cir. 1988) (internal citation omitted). We have stated that, if a defendant does not satisfy the first two *Buckles* factors, it is not necessary to thoroughly analyze the remaining two factors. *See United States v. Gonzalez-Mercado*, 808 F.2d 796, 801 (11th Cir. 1987). We also consider the timing of the filing of the motion to withdraw. *See United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988). "The longer the delay between the entry of the plea and the motion to withdraw it, the more substantial the reasons must be as to why the defendant seeks withdrawal." *Buckles*, 843 F. 2d at 473.

"There is a strong presumption that the statements made during the [plea] colloquy are true." *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). Consequently, a defendant "bears a heavy burden to show his statements [under oath] were false." *Rogers*, 848 F.2d at 168.

Here, Mr. Whitehead failed to show that the district court abused its discretion in denying his motion to withdraw his guilty plea. The record demonstrates that Mr. Whitehead had close

assistance of counsel. Indeed, Mr. Whitehead repeatedly acknowledged under oath that his attorney had discussed the plea agreement and its consequences with him. He also stated that he was satisfied with his attorney's advice and representation.

The record also shows that Mr. Whitehead entered into the plea knowingly and voluntarily. First, he stated that he had not been promised anything in exchange for and was not threatened into entering a guilty plea. Second, he confirmed that he understood the charges against him and that, at trial, the government would have had to prove those charges. Third, he specifically acknowledged during the plea colloquy that he understood the potential sentencing consequences of his plea. He confirmed he knew that if he qualified as an armed career criminal, the district court would be required to sentence him to at least 15 years' imprisonment.

Mr. Whitehead argues that there was no consideration for his acceptance of the plea agreement, which negated the knowing and voluntary nature of his plea. He did, however, receive consideration for his guilty plea. The government agreed to recommend a sentence at the low-to-middle end of the advisory guidelines range. The mandatory minimum under the ACCA was just that—a minimum. The court had discretion to sentence Mr. Whitehead to more than that minimum—up to life—and could have done so through an upward variance. As such, the fact that Mr. Whitehead chose to plead guilty under these circumstances does not negate the knowing and voluntary nature of his plea.

Although we need not give them particular weight, the final two *Buckles* factors also weigh in favor of affirmance. Requiring the government to put on a trial over one year after it met its burden through Mr. Whitehead's admissions in the plea agreement would prejudice the government and would not conserve judicial resources. Finally, the 14-month time period between Mr. Whitehead's guilty plea and the filing of his motion to withdraw the plea requires that he provide substantial reasons for the withdrawal, which he failed to do.

In sum, Mr. Whitehead failed to satisfy his heavy burden of proving that his sworn statements during the plea colloquy were false. He did not introduce any evidence whatsoever, let alone evidence that would support a finding that his statements during the colloquy were false. Accordingly, Mr. Whitehead failed to show a fair and just reason for the withdrawal of his guilty plea, and we affirm as to this issue.

## B

A defendant's knowing, voluntary, and unconditional guilty plea waives all non-jurisdictional defects in the proceedings. *See United States v. Yunis*, 723 F.2d 795, 796 (11th Cir. 1984). Thus, "[a] defendant who wishes to preserve appellate review of a non-jurisdictional defect while at the same time pleading guilty can do so only by entering a conditional plea in accordance with Fed. R. Crim. P. 11(a)(2)." *United States v. Pierre*, 120 F.3d 1153, 1155 (11th Cir. 1997) (internal quotation marks omitted). A district court's refusal to suppress evidence is a non-jurisdictional issue and is waived

by entering an unconditional plea. *See United States v. Charles*, 757 F.3d 1222, 1227 n.4 (11th Cir. 2014); *United States v. McCoy*, 477 F.2d 550, 551 (5th Cir. 1973).

Because the district court's refusal to suppress evidence is a non-jurisdictional issue, Mr. Whitehead waived appellate review of this decision by entering a knowing, voluntary, and unconditional guilty plea. Given that his challenge is waived by the plea itself, we need not reach the issue of the enforceability of the appeal waiver.

### III

Mr. Whitehead failed to demonstrate that the district court abused its discretion in denying his motion to withdraw his guilty plea, and his challenge to the denial of the motion to suppress is waived by entry of the guilty plea. We therefore affirm.

**AFFIRMED.**