[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-11881

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHESTER RISCO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:20-cr-00063-SPC-MRM-1

_____

Before Branch, Luck, and Brasher, Circuit Judges.

PER CURIAM:

Chester Risco appeals his convictions following his guilty plea to four drug-related counts. He argues for the first time on appeal that his plea was involuntary and unknowing because the district court failed to inform him (and he did not understand) that he would be sentenced based on a greater amount of drugs than the amount specified during the plea colloquy. Because there was no plain error and Risco's plea is valid, we affirm.

## I.    Background

A grand jury indicted Risco on four counts of distributing a controlled substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). The indictment did not specify any drug quantity.

Risco entered an open plea of guilty to all four counts. At the change-of-plea hearing, Risco testified that he was 36 years old, possessed a GED, and could read, write, and understand English. He confirmed that he was not under the influence of any drugs, alcohol, or medication. The magistrate judge advised Risco of the rights that he would be waiving by pleading guilty, and Risco stated that he understood.[1] The magistrate judge advised Risco of the charges against him, reviewed the essential elements of each count,

---

[1]  Risco consented to the magistrate judge conducting the plea hearing.

and informed Risco that the government would have to prove its case beyond a reasonable doubt.  Risco confirmed that he understood and did not have any questions.  The magistrate judge then explained that each count carried a statutory maximum of 20 years' imprisonment, and that the district court had the authority to impose a sentence up to the maximum and to run sentences consecutively.  The magistrate judge emphasized that Risco's sentence could be higher than any estimate he had received from his lawyer, but that even if that was the case, it would not be a basis for withdrawing his plea.  Risco confirmed that he understood. The government informed the court that it previously extended formal plea agreements to Risco, but he rejected them and opted to enter an open plea.  Risco confirmed that the government's statement was true and that he desired to plead guilty without the benefit of a plea agreement.

The magistrate judge then asked the government for a factual proffer.  In relevant part, the government asserted that, on four separate occasions, Risco sold methamphetamine to a confidential informant in the amounts of 4.54 grams, 13.25 grams, 7.14 grams, and 6.55 grams, respectively.  The magistrate judge asked Risco if he "hear[d] everything the prosecutor just said," and Risco asked, "Just so I get it straight, there's four charges with a total of 31.—some-odd grams of methamphetamines that were sold and that I would be pleading guilty to today?"  The government responded:

[A]s a technical matter, the government hasn't alleged any specific quantity of methamphetamine in the indictment. The government's burden would be to show that some amount of methamphetamine was distributed on the four occasions. I did specifically state how much the government believes was distributed on each of those occasions. . . .

I would just like to make clear, however, Your Honor, just in case this is not apparent, that is not necessarily all that Mr. Risco could be held to account—it's not the government's position that Mr. Risco couldn't be held responsible for more methamphetamine at a sentencing hearing, but this is what [the government] was prepared to prove for those four particular deals.

The magistrate judge asked Risco's counsel if he had "anything further on that topic" and counsel stated "No, Your Honor, we're aware that, out of the four counts, the total is 31.48, and that's what my client's pleading to today." The magistrate judge then asked Risco if he understood the discussion, and Risco stated "Yes, sir, that I'm pleading out to the four counts with the amount specified just then. At the moment, yes." The magistrate judge emphasized that it was important that Risco understand that the amount the government specified was what it was prepared to prove if the case went to trial, "but that it's not bound to those quantities for purposes of sentencing," and Risco stated that he understood. Risco then admitted to the factual basis of the plea, and confirmed that he was entering the plea freely and voluntarily because he was

in fact guilty. The magistrate judge found that Risco's plea was freely, voluntarily, knowingly, and intelligently entered, and recommended that the district court accept his plea. The district court accepted the plea.

Risco's presentence investigation report (PSI) indicated that he was deemed responsible for distributing 920.5 grams of methamphetamine and 35.0 grams of fentanyl. Risco objected to the amount of drugs attributed to him, arguing that he should be held accountable for only the 31 grams he sold to the confidential informant.[2]

At the sentencing hearing, Risco reiterated his objections to the drug amounts attributed to him, arguing that he should only be held accountable for the amount seized and admitted to in his plea, and that drugs related to his personal use should have been excluded from the calculation. After hearing argument from the government and testimony from the detective involved in the case and from Risco himself, the district court overruled Risco's objection. Risco's resulting guidelines range was 210 to 262 months' imprisonment.

Prior to the district court pronouncing sentence, Risco's counsel indicated that Risco wanted to provide an allocution. During his allocution, Risco indicated that he did not "feel like this

---

[2] This opinion does not discuss Risco's objections to the PSI that are not relevant to the issue on appeal.

case [was] handled the best it could have been handled" and emphasized that

> when I went in and pled guilty to the 31 grams and I was accepting responsibility for that 31 grams, I asked [the prosecutor] and the Magistrate Judge what I was being—pleading guilty to that day, . . . and [the prosecutor] did the calculations and he said, at this time, it's 31.48 grams of methamphetamines. . . . But then, when we do the PSI . . . there's all this other stuff that come into effect that . . . I'm still trying to wrap my mind around it. It's—I don't understand it.

The government responded that it "never promised Mr. Risco he would be sentenced pursuant to some type of a[n] agreed upon weight. In fact, [he] rejected plea agreements where the government did agree upon a weight." Risco clarified his objection, explaining

> I wasn't questioning [the Magistrate Judge's] judgment [at the change-of-plea hearing] or his questioning at all. . . . [The] only thing that I had a[n] issue—that I was questioning period on the whole thing was the act of the word relevant conduct.
>
> At the time I pled guilty, I was unaware of relevant conduct. It wasn't until the [PSI] came out after I spoke with [the Magistrate Judge] and took my guilty plea that the relevant conduct came about and that's when [he] had to start wrapping [his] mind around it. *I'm not trying to back out* or downplay any of that or

> say—and then [my counsel] did finally explain the relevant conduct to me later on after that.
>
> My only thing was just about how there's a lot of things that I did request [of counsel] that I didn't get or that things that did come up that I haven't seen.

(emphasis added).    The district court imposed concurrent sentences of 235 months' imprisonment for each count.    This appeal followed.

## II.    Discussion

Risco argues that his plea was not knowing and voluntary because it is clear from the record that he was not informed (and that he did not understand) the consequences of his plea—namely, that he could be sentenced based on a larger amount of drugs than what he admitted to at the change-of-plea hearing.

"When, as here, a defendant argues for the first time on appeal that his guilty plea was constitutionally invalid because it was not knowing and voluntary, we review only for plain error, using a four-prong inquiry."[3]  *United States v. Roosevelt Coates*, 8 F.4th 1228, 1235 (11th Cir. 2021); *see also United States v. Moriarty*,

---

[3] Risco states in his initial brief that his claim is subject to *de novo* review. However, because he did not challenge the validity of his plea in the district court, plain error review applies.  Risco's objections at sentencing to the amount of drugs were insufficient to preserve his challenge to the validity of his plea, because they were made after the plea, he did not move to withdraw his plea on the ground that it was involuntary, and he stated that he was "not trying to back out" of his plea.

429 F.3d 1012, 1018 & n.2 (11th Cir. 2005) (explaining that where a defendant fails to file a motion to withdraw his plea or otherwise raise his objections to the district court, we review the challenge to the plea for plain error). "To establish plain error, a defendant must show that (1) there was an error, (2) the error was plain, and (3) the error affects [his] substantial rights." *Roosevelt Coates*, 8 F.4th at 1235. Provided that these conditions are met, we may then exercise our "discretion to recognize an unpreserved error but only if (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (quotation omitted).

Under plain error review, the defendant bears the burden of persuasion. *United States v. Monroe*, 353 F.3d 1346, 1349 (11th Cir. 2003). Thus, "a defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

In order for a plea to be knowing and voluntary, the court accepting the plea must comply with Fed. R. Crim. P. 11, and, in particular, address three "core principles" by ensuring that: "(1) the guilty plea must be free from coercion; (2) the defendant understands the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea." *United States v. Mosley*, 173 F.3d 1318, 1322 (11th Cir. 1999) (quotation marks omitted). We apply a "strong presumption" that statements made by a defendant during his plea colloquy are true. *United*

*States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994).  Therefore, "when a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false." *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988).

Risco failed to show that the district court committed plain error in accepting his guilty plea.  A review of the record confirms that the plea colloquy was thorough, complied with the requirements of Rule 11, and addressed the three core principles for a knowing and voluntary plea.  In particular, the magistrate judge explained to Risco that the amount of drugs the government referenced in the plea proceeding was the amount that the government was prepared to prove if the case went to trial, but that the government was not bound by this amount at sentencing, and Risco confirmed that he understood.  The magistrate judge also informed Risco that the sentence imposed could be up to the statutory maximum and that even if it was higher than Risco expected, it would not be a basis for withdrawing his plea.  Once again Risco confirmed that he understood.  Thus, Risco's contention that he was not informed and did not understand that his sentence could be based on a different amount of drugs than what he pleaded guilty to is belied by the record.

Furthermore, even assuming there was an error, Risco failed to establish the error affected his substantial rights because he does

not assert that, but for the alleged error, he would not have pleaded guilty.  Accordingly, we affirm.[4]

     **AFFIRMED.**

---

[4] After filing his initial counseled brief, Risco, through counsel, filed a notice of supplemental authority citing the Tenth Circuit's then-recent decision in *United States v. Wilson*, 17 F.4th 994, 1002–04 (10th Cir. 2021), which held that personal use quantities of drugs do not qualify as relevant conduct for purposes of the Sentencing Guidelines, unless the drugs are connected to the offense of conviction.  Risco points out that he made a similar argument at sentencing, and he urges us to adopt the Tenth Circuit's ruling.  Risco, however, abandoned this issue by failing to raise it in his initial brief.  *United States v. Ardley*, 242 F.3d 989, 990 (11th Cir. 2001).  And a party cannot use a notice of supplemental authority to raise a new issue that was not briefed initially.  *United States v. Nealy*, 232 F.3d 825, 830 (11th Cir. 2000).  Moreover, even if the issue was properly before us, it is squarely foreclosed by binding precedent, which we are required to follow unless and until it is overruled by this Court sitting en banc or the Supreme Court.  *See United States v. Antonietti*, 86 F.3d 206, 209 (11th Cir. 1996) (holding that drugs intended for personal use are properly considered by district court in determining base offense level under the guidelines).